IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFERY MINER                                                    PETITIONER
ADC #83775

V.                              NO. 5:03CV00058 JWC

LARRY NORRIS, Director,                                          RESPONDENT
Arkansas Department of Correction

## MEMORANDUM OPINION AND ORDER

Jeffery Miner, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a supporting brief (docket entries #2, #3).  Respondent concedes (docket entry #9) that Petitioner is in his custody and has exhausted all nonfutile state remedies, see 28 U.S.C. § 2254(a) & (b), but asserts that this Court must defer to the state court's unfavorable adjudication of Petitioner's federal habeas claim.  Petitioner has replied to this argument (docket entry #12).  For the reasons that follow, the petition must be dismissed in its entirety.

Following a jury trial in March 2000 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of manufacturing a controlled substance and possessing drug paraphernalia.  He was sentenced as an habitual offender to 300 months and 240 months of imprisonment, respectively, to be served concurrently.  (R. 17-19.)[1] Petitioner appealed his convictions to the Arkansas Court of Appeals, arguing that the trial evidence was insufficient to convict him.   His convictions were affirmed.  Miner v. State, No. CACR 00-896, 2001 WL 296114 (Ark. Ct. App. Mar. 28, 2001) (Resp't Ex. B).

---

[1]All references to the record are to the transcript of Petitioner's criminal proceedings in state court, submitted as Resp't Ex. A to docket entry #9.

Petitioner then filed a state petition for post-conviction relief pursuant to Ark. R. Civ. P. 37, which was denied. After he failed to file a timely notice of appeal of the Rule 37 denial, he filed a motion for belated appeal, which was denied. Miner v. State, No. CR 02-671, 2003 WL 133026 (Ark. Sup. Ct. Jan. 16, 2003) (Resp't Ex. C). There is no evidence or allegation that he sought any further post-conviction relief in state court.

Petitioner then filed this federal habeas petition, advancing one claim: that the evidence at trial was not sufficient to support his convictions for manufacturing a controlled substance or possessing drug paraphernalia, in violation of the Due Process Clause of the United States Constitution. This claim was presented, and rejected, in Petitioner's direct state-court appeal. Respondent contends that, pursuant to 28 U.S.C. § 2254(d), this Court must defer to the Arkansas Court of Appeals' decision.

In the interests of finality and federalism, a federal habeas court is constrained by § 2254(d) to exercise only a "limited and deferential review of underlying state court decisions." Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003). Thus, where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); **or** (2) "involved an unreasonable application" of clearly established federal law, id.; **or** (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). In evaluating a state court decision, a federal habeas court must presume any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. Id. § 2254(e)(1).

A state court decision is "contrary to" federal law under § 2254(d)(1) if it applies a rule that contradicts the controlling Supreme Court authority or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a Supreme Court case, but nonetheless reaches a different result.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court's decision involves an "unreasonable application" of federal law under § 2254(d)(1) if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable," and a state adjudication may not be found unreasonable "simply because [the federal habeas] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 409, 411.

As interpreted by the United States Supreme Court, the Due Process Clause of the Fourteenth Amendment guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."  Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)).  The evidence presented at a trial is constitutionally insufficient to convict only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Id. at 324.  In making this determination, all of the trial evidence is to be viewed in the light most favorable to the state.  Id. at 319.  A reviewing court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and must defer to that resolution.  Id. at 326.

It is the responsibility of the trier of fact to reconcile conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Id. at 319. The trier of fact is entitled to disbelieve uncorroborated or confused testimony, to take into account demeanor while testifying, and to consider whatever it concludes to be perjured testimony as affirmative evidence of guilt; these determinations cannot be reviewed. Wright v. West, 505 U.S. 277, 296-97 (1992). See Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (in reviewing sufficiency of the evidence, a habeas court is not permitted to conduct its own inquiry into witness credibility; "that is a task reserved to the jury").

The substantive elements of state crimes are defined by state law. Jackson, 443 U.S. at 324 n.16. Under relevant Arkansas law, it is unlawful to manufacture methamphetamine or to possess drug paraphernalia with the intent to use it to manufacture methamphetamine or introduce it into the human body. Ark. Code Ann. §§ 5-64-101(v), 5-64-401(a), 5-64-403(c)(1) (1997).

In evaluating a state court decision under § 2254(d), a federal habeas court must presume any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The following summary by the Arkansas Court of Appeals of the trial evidence, which has not been disputed, is, therefore, presumed correct:

> Officer Tim Willis testified that he and other officers approached a residence in North Little Rock to investigate a strong odor that they associated with the manufacturing of methamphetamine. Willis stated that, after receiving permission from the owner of the house, the officers entered in order to search for persons inside for safety concerns. Willis testified that when he entered the residence he could hear people scrambling about. He said that he saw appellant in the bathroom with another person dumping

chemicals out of mason jars into the toilet. Willis recalled that appellant was working a plunger.

Chris Harrison, a chemist for the State Crime Lab, testified that the items he saw in the house would suggest that methamphetamine was being manufactured and that virtually every component and utensil needed to make methamphetamine was found at the scene. He testified that a mason jar found at the scene smelled of ether.

Appellant testified that he was only spending the night at the residence in question after he and his roommate had an argument. He stated that he was asleep in a back bedroom when the police arrived and that he was not in the bathroom. Appellant denied participating in the manufacturing of methamphetamine.

Billy Ray Quick, the other person Officer Willis identified in the bathroom, testified that he was the only one in the bathroom as there was not space for anyone else in the tiny bathroom. Quick stated that he was the one dumping the contents of the mason jars into the toilet and that those jars contained the "seed" for "cooking" methamphetamine. Quick testified that appellant knew the cooking was taking place and that appellant was an addict, but that he, Quick, did not plan to give appellant any of the finished product because appellant had nothing invested like the others. Quick testified that appellant was merely standing around and had nothing to do with the manufacturing process.

Miner, supra at *1.

This Court has reviewed the transcript of Petitioner's state court proceedings, (Resp't Ex. A), and has determined that the factual findings made by the Arkansas Court of Appeals, and relied upon in reaching its decision, are reasonable in light of the evidence presented at trial. Therefore, the decision was not based on a unreasonable determination of the facts under § 2254(d)(2). Instead, the relevant inquiry for this Court is whether, under § 2254(d)(1), the Arkansas Court of Appeals applied a rule that is contrary to United States Supreme Court law or unreasonably applied the governing federal law to the facts of Petitioner's case.

The Arkansas Court of Appeals stated the general law as follows:

> When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. Smith v. State, 3 S.W.3d 712 ([Ark.] 1999). Substantial evidence is evidence that is forceful enough to compel a conclusion that goes beyond speculation and conjecture. Hendrickson v. State, 871 S.W.2d 362 ([Ark.] 1994). Circumstantial evidence alone may constitute substantial evidence when every other reasonable hypothesis consistent with innocence is excluded. Sheridan v. State, 852 S.W.2d 772 ([Ark.] 1993). The question of whether the circumstantial evidence excludes any other hypothesis consistent with innocence is for the jury to decide. Key v. State, 923 S.W.2d 865 ([Ark.] 1996).

Miner, supra at *1 [parallel citations omitted]. This standard, while resting on state law, is consistent with Jackson and Winship. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (it is not necessary for the state court to cite, or even be aware of, applicable United States Supreme Court opinions, as long as "neither the reasoning nor the result of the state-court decision contradicts them"); Sera v. Norris, 400 F.3d 538, 543 n.1 (8th Cir. 2005) (legal standards applied by the Arkansas Supreme Court to assess sufficiency of the evidence are not contrary to United States Supreme Court precedent). Moreover, neither party contends that the United States Supreme Court has addressed a case with facts that are "materially indistinguishable" from those involved here. Therefore, the state appellate court's decision regarding the sufficiency of the evidence was not "contrary to" applicable United States Supreme Court law under § 2254(d)(1).

Furthermore, the state court's decision, viewed objectively, did not unreasonably apply these federal constitutional principles to the facts of Petitioner's case.

For purposes of his arguments here, Petitioner concedes that, when the police arrived at the residence, one or more people were in the process of manufacturing methamphetamine. He also presumes, as required by Jackson, that the jury accepted the officer's testimony that Petitioner and Billy Quick were in the bathroom flushing something

down the toilet when officers entered the house. The question, as he sees it, is whether there is sufficient evidence that he was involved in the manufacturing as a principal or accomplice, or whether he was merely present at the scene. He says he made no incriminating statements, no fingerprints were found on any of the items seized, none of the other parties implicated him, no connection was demonstrated between him and the residence or any of the seized items, and no testing was done of the substance being flushed. He further says there was no proof that flushing materials down the toilet was part of the manufacturing process and such conduct could instead reasonably support an inference that he was simply attempting to avoid a possession charge. He thus says that the evidence fails to exclude every other reasonable hypothesis but guilt on the manufacturing charge.

As to the conviction for possessing drug paraphernalia, Petitioner says there was no direct evidence that the jars he was emptying met the statutory definition of drug paraphernalia, and that his mere proximity to the other items seized was insufficient to support a guilty verdict. Again, he says the circumstantial evidence fails to exclude every reasonable hypothesis other than guilt.

In Jackson, the United States Supreme Court specifically rejected the theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt. Jackson, 443 U.S. at 326. See also Holland v. United States, 348 U.S. 121, 140 (1954) (rejecting contention that circumstantial evidence must exclude every hypothesis but that of guilt). Instead, a federal habeas court must only determine whether, drawing all inferences in favor of the prosecution, a rational fact-finder could have found proof of guilt beyond a reasonable doubt.

Furthermore, in reviewing the sufficiency of the evidence to support a conviction,

Jackson mandates that "all of the evidence" must be reviewed.  Jackson, 443 U.S. at 319.

This clearly includes circumstantial evidence.  In fact, the Supreme Court has stated:

> Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

Holland, 348 U.S. at 139-40.

The Arkansas Court of Appeals addressed most of Petitioner's current arguments

as follows:

> Appellant further argues that his presence at the scene and his actions in the bathroom are the only "links" between him and the manufacturing and that the jury would have had to speculate about his purpose in flushing materials down the toilet.  He also argues that flushing materials down a toilet is not part of the process of manufacturing methamphetamine.  While Green v. State, 577 S.W.2d 586 ([Ark.] 1979), establishes that mere presence at a crime scene is not proof of guilt, it was for the jury to determine whether the circumstantial evidence constituted substantial evidence to convict appellant.  The jury could infer that appellant was involved in the manufacturing process because of his efforts to conceal the crime.  Steggall v. State, 8 S.W.3d 538 ([Ark.] 2000) (holding that the jury could have properly considered evidence of defendant's attempts to cover up his connection to a crime as proof of a culpable mental state).

> Appellant points out that the chemist did not test the substance in the mason jars.  Appellant argues that, assuming the jars contained methamphetamine, he could only be found guilty as an accomplice.  We note that appellant overlooks the testimony of Billy Quick who confirmed that the jars contained the "seed" for making methamphetamine, and Officer Willis's testimony placed appellant in the bathroom along with Quick who admitted that he was involved in the manufacturing process.

> Appellant argues that the State failed to prove that the other items seized were under appellant's dominion and control since there was joint occupancy of the premises.  Officer Willis's testimony established that

appellant was in the bathroom while Quick's testimony revealed that the mason jars contained the "seed" needed for making the methamphetamine. Significantly, Quick's testimony confirms that appellant knew the cooking was taking place. When only circumstantial evidence is presented, there must be some factor in addition to the joint control of the premises to link the accused with the controlled substance. Ravelette v. State, 571 S.W.2d 433 ([Ark.] 1978). The jury could reasonably infer from the testimony that, because appellant exercised control over an essential ingredient in the entire cooking process, that he exercised control over the other items as well.

Next, appellant argues that, although numerous exhibits were introduced, the mason jars from which he was allegedly dumping materials were not introduced nor were their contents proven. Appellant contends that he was not in possession of any of the items introduced. In his directed verdict motion, appellant did not contest the State's failure to introduce the mason jars into evidence, and he cannot raise this issue for the first time on appeal. Vanesch v. State, 16 S.W.3d 306 ([Ark. Ct. App.] 2000). In any event, appellant is mistaken when he argues that the State failed to prove the contents of the jars. Simply because Harrison did not formally test the substance does not mean that he could not recognize the smell of ether because of his experience. In any event, Quick confirmed that the jars contained "seed," which is a combination that includes ether.

Finally, appellant contends that, because the residence was jointly occupied, the State had to prove that he had knowledge of the contraband. Willis's testimony placed appellant in the bathroom dumping the contents of the mason jars into the toilet and wielding a plunger. Thus the jury could have inferred that appellant had knowledge of the contraband. We conclude that the verdict of the jury is supported by substantial evidence.

Miner, supra at *2-*3 (parallel citations omitted).

The testimony of the police officer and Quick, taken together, establish that Petitioner was a methamphetamine user; that he was in the residence while methamphetamine was being manufactured; that he knew methamphetamine was being manufactured there; and that, as officers were entering the residence, he and Quick were hurriedly trying to dispose of a critical component of the methamphetamine. (R. 46-48, 157-60, 163-64.) From this evidence, a jury could reasonably infer that Petitioner was

involved to some extent in the manufacturing process and in utilizing the varied drug paraphernalia in that process.[2]

While there were inconsistencies in the evidence, it was the jury's responsibility to decide which witnesses to believe, to reconcile discrepancies, and to draw reasonable inferences. Petitioner's attorney competently explored the weaknesses of the state witnesses' testimony through cross-examination, and Petitioner's version of events was presented through his own testimony and that of Quick. The jurors were instructed on the relevant law, including the principle that a fact can be established by circumstantial evidence, that is, when its existence can reasonably be inferred from other facts proved in the case. (R. 178.) The alternatives were thus fairly presented to and rejected by the jury. On review, the state appellate court viewed the evidence in the light most favorable to the state, consistent with <u>Jackson</u>. On habeas review, this Court must again view the trial evidence in the light most favorable to the state, must presume that all conflicting inferences were resolved in the state's favor, and must defer to that resolution. Doing so, this Court is convinced that a rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the charged offenses of manufacturing methamphetamine and possessing drug paraphernalia.

---

[2]Petitioner's contention that the mason jars were not drug paraphernalia is clearly without merit. The broad statutory definition of drug paraphernalia covers "all equipment, products, or materials of any kind which are used ... in manufacturing, ... preparing, ... storing [or] containing ... a controlled substance," and specifically includes "bowls [and] containers used ... in compounding controlled substances" and "[c]ontainers or other objects used, intended for use, or designed for use in storing or concealing controlled substances." Ark. Code Ann. § 5-64-101(v)(8) & (10).

The Arkansas Court of Appeals' decision – finding the trial evidence sufficient to support Petitioner's convictions –  thus was not contrary to the relevant federal law or an unreasonable application of that law under § 2254(d)(1).

Petitioner also argues here that he is actually innocent, pointing to the statement of another police officer, which the state court excluded, that Petitioner was in the back bedroom, rather than the bathroom.  Evidence that was never presented to the jury is beyond a Jackson review.  Nance v. Norris, 392 F.3d 284, 290 (8th Cir. 2004), pet. for cert. filed, No. 04-10554 (U.S. Jun. 6, 2005).  To the extent Petitioner is attempting to raise a free-standing claim of actual innocence, he cannot succeed.  In a noncapital case such as this, an assertion of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).  See Schlup v. Delo, 513 U.S. 298, 313-17 (1995); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).  Petitioner raises no claims that are subject to any type of procedural bar; therefore, his independent claim of actual innocence is not cognizable.

Petitioner also states that he has "numerous factual issues" that need to be heard in an evidentiary hearing in this Court.  A sufficiency of the evidence claim under Jackson "can almost always be judged on the written record without need for an evidentiary hearing in the federal court."  Jackson, 443 U.S. at 322.  Here, the full state court record was provided and was sufficient to make the necessary Jackson review.

Furthermore, a federal habeas court's power to conduct an evidentiary hearing is "sharply limited" by statute.  Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005), pet. for cert. filed, No. 04-10300 (U.S. May 18, 2005).  A habeas petitioner must develop the

factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or that through due diligence he could not have previously discovered the necessary facts. 28 U.S.C. § 2254(e)(2). Additionally, he must show by clear and convincing evidence that, in the absence of a constitutional error, no reasonable fact-finder would have found him guilty. Id. Petitioner has made no such showing. As set forth earlier, the evidence at trial was sufficient for the jury to find him guilty of the two charged offenses, and Petitioner presents no new law or evidence.

Finally, Petitioner seeks the appointment of counsel to represent him in these proceedings. There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000); McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). The Court should consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." McCall, 114 F.3d at 756. Here, Petitioner presented his one claim in a clear and coherent manner, and the factual and legal issues raised were not so complex as to warrant appointment of counsel.

Petitioner's sole claim is without merit. This 28 U.S.C. § 2254 petition for writ of habeas corpus is, therefore, dismissed in its entirety, with prejudice.

IT IS SO ORDERED this 20th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE